IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ECHO WARE, § | | |
|     Plaintiff, § | | |
| § | Civil Action No. 4:21-cv-00067 | |
| vs. § | | |
| § | JURY TRIAL DEMANDED | |
| AUTOZONE, INC., and § | | |
| AUTOZONERS, LLC, § | | |
|     Defendants. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Echo Ware ("Plaintiff" or "Ware") now files this Complaint against Defendants Autozone, Inc. and Autozoners, LLC. (collectively "Defendants" or "Autozone"). In support, Plaintiff states as follows:

### PARTIES

1. Plaintiff Echo Ware is a citizen of the United States and a resident of Houston, Texas.

2. Defendant Autozone, Inc. is a corporation authorized to transact business in the state of Texas. It may be served with process through its registered agent for service of process, C T Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201 or as may otherwise be permitted under Rule 4 of the Federal Rules of Civil Procedure and/or the Texas long-arm statute.

3. Defendant Autozoners, LLC is an entity authorized to transact business in the state of Texas. It may be served with process through its registered agent for service of process, C T Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201 or as may otherwise be permitted under Rule 4 of the Federal Rules of Civil Procedure and/or the Texas long-arm statute.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over the claims described in this Complaint pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

5. This Court has personal jurisdiction over Defendants because they have continuously and systematically performed a substantial amount of business within the state of Texas and, moreover, are being sued herein for illegal conduct against the Plaintiff that occurred within the state of Texas. Accordingly, this Court has both general and specific jurisdiction over the Defendants.

6. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 42 U.S.C. § 2000e-5(f)(3) because all or part of the unlawful employment practices committed by the Defendants occurred in this district.

**FACTS**

7. Plaintiff worked as a parts manager at Autozone located at 4330 Lockwood Drive, Houston, Texas 77026 (store #5892).

8. Plaintiff began working for Autozone on or around December 18, 2019. Plaintiff was hired to be a full-time employee at 40 hours per week.

9. Plaintiff is female.

10. Her supervisor during her employment at Autozone was the store manager, Rosalind Anderson.

11. On or about December 18, 2019, Plaintiff's very first day of work, Anderson said to Plaintiff that she did not like other females working in her store.

12. Shortly after Anderson made this comment about not wanting females in her store, Plaintiff noticed that she was not paid for certain hours that she worked. Plaintiff had not been

paid for her first initial pay period.

13. On January 22, 2020, Plaintiff complained to the district manager, Janessa Boudreaux Lowrey, about not being paid for her hours.

14. On or around January 27, 2020, after Plaintiff complained to the district manager about not being paid and having her hours reduced after she complained about not being paid previously, Plaintiff overheard Anderson say to Kevin Williams, "I'm going to get rid of her."

15. Less than a week later, on January 31, 2020, Plaintiff was terminated for allegedly "failing to comply with Autozone policy" and "unauthorized possession or removal of Autozone's or an Autozoner's property." However, this excuse for Plaintiff's termination was pretextual.

16. Plaintiff indeed took a loaner battery from the store on around January 18, 2020 because she had car trouble coming to work that day, but her male coworker, another parts manager named Kevin Williams, authorized her to take the loaner battery. Plaintiff immediately returned the battery to the store after she used it to get her car to work. Plaintiff returned the battery to the store within 30 to 45 minutes of borrowing it.

17. Plaintiff was essentially fired for allegedly stealing a battery that was in Autozone's possession at the time Autozone "investigated", but Kevin Williams was not disciplined for authorizing Plaintiff to take the loaner battery or telling her that she was allowed to.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

18. On or about October 12, 2020, Plaintiff timely filed a charge of discrimination with the EEOC and the Texas Workforce Commission Civil Rights Division.

19. The EEOC issued Plaintiff a right to sue letter on or about October 19, 2020.

20. This lawsuit has been filed within 90 days of the EEOC's issuance of that Notice. Consequently, this lawsuit has been filed within 90 days of Plaintiff's receipt of that Notice.

21. Based on the foregoing, Plaintiff has exhausted all administrative remedies required by Title VII of the Civil Rights Act of 1964 ("Title VII").

### FIRST CAUSE OF ACTION (SEX DISCRIMINATION)

22. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

23. Plaintiff is a member of a protected class under Title VII because she is female.

24. Plaintiff was qualified for her position as a parts manager.

25. Plaintiff suffered from an adverse employment action.

26. Plaintiff was treated less favorably than her similarly-situated male counterpart, Kevin Williams, when she was terminated for taking a loaner battery that Kevin authorized and instructed her to take.

27. Anderson's comment on Plaintiff's first day that she did not want other females working in her store is direct evidence of sex discrimination.

28. Such conduct violates Title VII.

29. Plaintiff has been damaged by the discrimination against her.

30. Defendants acted with malice and/or reckless disregard for Plaintiff's statutorily-protected rights. An award of exemplary damages is therefore warranted.

### SECOND CAUSE OF ACTION (FLSA RETALIATION)

31. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

32. Plaintiff engaged in a protected activity under the Fair Labor Standards Act ("FLSA") by opposing unlawful employment practices when she complained of not being paid for hours that she had worked on or about January 22, 2020.

33. Plaintiff suffered a materially adverse employment action when she was terminated days later on January 31, 2020.

34. Anderson's comment that she was going to get rid of Plaintiff shortly after her complaints is direct evidence of retaliatory animus towards Plaintiff.

35. There is a causal link between Plaintiff's protected activities under the FLSA her materially adverse employment action.

36. Had Plaintiff not complained to Autozone about not being paid for the hours she worked, she would not have been terminated.

37. Such conduct violates the FLSA's anti-retaliation provision.

38. Autozone's violation of the FLSA has caused Plaintiff damage.

39. Defendants acted with malice and/or reckless disregard for Plaintiff's statutorily-protected rights. An award of exemplary damages is therefore warranted.

### ATTORNEYS' FEES

40. If Plaintiff prevails, she is entitled to an award of reasonable and necessary attorneys' fees.

### JURY DEMAND

41. Plaintiff hereby demands a trial by jury on all claims that may be tried to a jury.

### PRAYER FOR RELIEF

Plaintiff hereby prays that Defendants be cited to appear and that, upon trial, the Court enter a judgment in his favor for the following:

a) Back pay;
b) Compensatory damages;
c) Punitive damages;
d) Reinstatement and/or front pay;
e) Taxable court costs;
f) Exemplary damages;
g) Attorney's fees; and
h) Such other and further relief to which she may show herself entitled.

Respectfully submitted,

THROCKMORTON LAW FIRM PLLC

By: */s/Connor Throckmorton*
Connor Throckmorton
S.D. Tex. #3065092
TX Bar #24103965
5850 San Felipe Street, Suite 500
Houston, Texas 77057
Telephone:   (713) 400-6173
Facsimile:    (713) 583-8380
Email:          connor@throckmortonlaw.com

***ATTORNEY FOR PLAINTIFF***