United States District Court
Southern District of Texas

**ENTERED**

May 04, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

ECHO WARE,                      §
                                §
            Plaintiff,          §
                                §
v.                              §       CIVIL ACTION NO. 21-00067
                                §
AUTOZONERS, LLC,                §
                                §
            Defendant.          §

## MEMORANDUM OPINION AND ORDER

Plaintiff, Echo Ware ("Ware" or "Plaintiff") brings this action against defendant AutoZoners, LLC ("AutoZoners") for employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e, et seq., and for retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3).  Pending before the court is Plaintiff's Rule 21 Motion to Add Party Autozone, Inc. ("Plaintiff's Motion to Add Party") (Docket Entry No. 31).  For the reasons explained below that motion will be denied.

## I.  Background

On January 8, 2021, Ware filed Plaintiff's Original Complaint asserting claims of sex discrimination in violation of Title VII, and retaliation in violation of the FLSA against Defendants Autozone, Inc. and Autozoners, LLC.[1]

---

[1]Plaintiff's Original Complaint, Docket Entry No. 1, pp. 1 and
(continued...)

On April 6, 2021, the court entered a Docket Control Order (Docket Entry No. 9).  In pertinent part the Docket Control Order provides that (1) motions to amend the pleadings and to add new parties must be filed by June 4, 2021; (2) discovery must be completed by November 19, 2021; (3) mediation must be conducted; and (4) dispositive motions must be filed within 30 days after the mediator or magistrate judge declares an impasse.[2]

On July 12, 2021, AutoZoners provided Ware's counsel with a declaration from its Director of Income Tax, Patrick B. Johnson ("Johnson"), stating in pertinent part that (1) Autozoners, LLC provides personnel management and employment services to Autozone retail store locations; (2) Autozoners, LLC employs the retail store personnel who support and perform services for those stores; (3) Autozoners, LLC is the entity that employed Ware, and, accordingly, is the only proper defendant in this action; and (4) AutoZone, Inc., is a publicly owned corporation formed under the laws of Nevada, which has no employees and maintains no control over any Autozoners, LLC personnel.[3]

––––––––––––––––––––

[1](...continued)
4-5.  All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]Docket Control Order, Docket Entry No. 9, pp. 1-2.

[3]See AutoZoners, LLC's Opposition to Plaintiff's Rule 21 Motion to Add Party Autozone, Inc. ("AutoZoners' Opposition to Plaintiff's Motion to Add Party"), Docket Entry No. 43, p. 2 (continued...)

On July 26, 2021, the parties filed a Joint Motion to Dismiss Ware's claims against Autozone, Inc. without prejudice (Docket Entry No. 10), which the court granted the same day (Docket Entry No. 11).

On September 13, 2021, Ware's counsel propounded Rule 30(b)(6) topics identifying as Topic 4 "[t]he relationship between Autozone, Inc. and Autozoners, LLC."[4]   On October 1, 2021, AutoZoners objected to Topic 4 by stating that

> AutoZone objects to this Topic as compound and duplicative to the Declaration of Patrick Johnson, AutoZoners, LLC's Director of Income Tax. After numerous discussions between undersigned counsel and Plaintiff's counsel, AutoZone provided Plaintiff with Mr. Johnson's declaration on July 12, 2021. Mr. Johnson's declaration explains the relationship between AutoZone, Inc. and AutoZoners, LLC, and was the impetus for the dismissal of AutoZone, Inc. from this lawsuit.   Further, because AutoZone, Inc. is no longer a party to this lawsuit, this Topic is unduly burdensome, overbroad, and seeking irrelevant information in a manner not proportional to the needs of the case. In lieu of presenting a corporate representative for this Topic, **Autozone refers plaintiff to Mr. Johnson's declaration and adopts that declaration for its response to this Topic. AutoZone will not be presenting a corporate representative for this Topic on the noticed date.**[5]

---

[3](...continued)
(citing Email Exchange, Exhibit 1, Docket Entry No. 43-1, pp. 2-3; and Declaration of Patrick B. Johnson ("Johnson Declaration"), Exhibit 2, Docket Entry No. 43-2, pp. 1-2 ¶¶ 3, 5-8, 10-11).

[4]Plaintiff's Amended Notice of Intention to Take the Oral Deposition of AutoZoners, LLC, Exhibit 3 to AutoZoners' Opposition to Plaintiff's Motion to Add Party, Docket Entry No. 43-3, p. 3 ¶ 4.

[5]AutoZoners' Opposition to Plaintiff's Motion to Add Party, Docket Entry No. 43, p. 3 (quoting Defendant's Designations for and
(continued...)

AutoZoners designated its Regional Manager, Laura Berry ("Berry") as its Corporate Representative regarding the decision to discharge Ware, the investigation into Ware's actions, and its fact-based affirmative defenses (Topics 6, 8, and 9).[6]

On October 13, 2021, Ware's counsel deposed AutoZoners' Regional Manager, Berry, who testified that she was not prepared to testify about the relationship between AutoZoners and AutoZone, Inc.,[7] but when pressed to answer questions about that relationship over objections, stated she "would assume they're the same thing, but I don't know that."[8]   When asked about the decision to discharge Ware, Berry testified that "we terminated her on February 1st," and when asked what she meant by "we," she responded that "AutoZone, Incorporated terminated her employment on February 1st."[9]

---

[5](...continued) Objections to the Deposition Topics Identified in Plaintiff's Amended Notice of Intention to Take Oral Deposition of Autozoners, LLC ("Defendant's Designations and Objections"), Exhibit 4, Docket Entry No. 43-4, p. 3).

[6]Defendant's Designations and Objections, Exhibit 4 to AutoZoners' Opposition to Plaintiff's Motion to Add Party, Docket Entry No. 43-4, pp. 4-5.

[7]Deposition Transcript, pp. 36:22-37:4, Exhibit 5 to AutoZoners' Opposition to Plaintiff's Motion to Add Party, Docket Entry No. 43-5, p. 4.

[8]Id. at 37:5-10.   See also See also Exhibit 1 to Plaintiff's Response in Opposition to Defendant AutoZoners, LLC's Motion for Summary Judgment, Docket Entry No. 24-1, pp. 38-39.

[9]Deposition Transcript, p. 41:18-23, Exhibit 1 to Plaintiff's Response in Opposition to Defendant AutoZoners, LLC's Motion for Summary Judgment, Docket Entry No. 24-1, p. 43.

On November 19, 2021, AutoZoners moved for summary judgment on all of Ware's claims (Docket Entry No. 14).

On December 31, 2021, Ware filed Plaintiff's Motion to Add Party (Docket Entry No. 31), to which AutoZoners has filed a response in opposition (Docket Entry No. 43), and Ware has replied (Docket Entry No. 44).

## II. **Analysis**

Ware moves to add Autozone, Inc. as a defendant pursuant to Federal Rule of Civil Procedure 21.[10]  Alternatively, Ware moves for leave to file an amended complaint under Federal Rule of Civil Procedure 15 to add Autozone, Inc. as a defendant.[11]  AutoZoners opposes Plaintiff's Motion to Add Party Autozone, Inc., arguing that Ware has failed to show good cause or that adding Autozone, Inc. at this late date will not prejudice AutoZoners.[12]  Ware replies that AutoZoners cannot deny the testimony of its corporate representative, Berry, that AutoZone, Inc. terminated Ware's employment, that AutoZoners' allegation of prejudice is without merit, and that AutoZoners' abuse of the discovery process should not be rewarded.[13]

---

[10]Plaintiff's Motion to Add Party, Docket Entry No. 31, pp. 1-2 ¶ 3.

[11]Id. at 3 ¶ 11.

[12]AutoZoners' Opposition to Plaintiff's Motion to Add Party, Docket Entry No. 43, p. 1.

[13]Plaintiff's Reply in Support of Rule 21 Motion to Add Party,
(continued...)

**A.   Applicable Law**

Ware's motion to add a defendant or, alternatively, to amend her complaint implicates both Rule 15(a) and Rule 21 of the Federal Rules of Civil Procedure.  Rule 15(a) allows a party to amend its pleading once as a matter of course within twenty-one days after a responsive pleading is served or "with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 21 provides that a court "may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  When a plaintiff seeks the court's permission to amend a complaint or to add a party, Rule 15 and Rule 21 trigger the same standard of review.  See Vera v. Bush, 980 F.Supp. 254, 255 (S.D. Tex. 1997) ("[T]he same standard applies for adding new parties under either Rule 15(a) or Rule 21."). See also Martinez v. United States Postal Service, Civil Action No. B-06-186, 2007 WL 1468773, *1 (S.D. Tex. May 18, 2007) ("The standard that is applied to an amendment that seeks to add new parties is the same under either Rule 15(a) or Rule 21.").

If a scheduling order has been entered establishing a deadline for amendments to pleadings, Rule 15(a) provides the standard for requests to amend that are filed before the scheduling order's deadline has expired, and Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend that are filed after the scheduling order's deadline has expired.  See Marathon

---

[13](...continued)
AutoZone, Inc. ("Plaintiff's Reply"), Docket Entry No. 44.

-6-

Financial Insurance, Inc., v. Ford Motor Co., 591 F.3d 458, 470
(5th Cir. 2009).  Because a scheduling order has been entered in
this case, and because Ware filed the pending motion to amend on
December 31, 2021, over six months after the scheduling order's
deadlines for filing motions to amend or to add new parties expired
on June 4, 2021, Rule 16(b) governs Ware's motion.[14]

"Rule 16(b) provides that once a scheduling order has been
entered, it 'may be modified only for good cause and with the
judge's consent.'" Marathon, 591 F.3d at 470 (quoting Fed. R. Civ.
P. 16(b)(4)).  "The good cause standard requires the 'party seeking
relief to show that the deadlines cannot reasonably be met despite
the diligence of the party needing the extension.'" S&W
Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d
533, 535 (5th Cir. 2003)(quoting 6A Charles Alan Wright, et al.,
Federal Practice and Procedure § 1522.1 (2d ed. 1990)).  To
determine whether the moving party has established good cause,
courts consider four factors: "(1) the explanation for the failure
to timely move for leave to amend; (2) the importance of the
amendment; (3) potential prejudice in allowing the amendment; and
(4) the availability of a continuance to cure such prejudice."
Marathon, 591 F.3d at 470 (quoting Southwestern Bell Telephone Co.
v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing S&W
Enterprises, 315 F.3d at 536)).  If a movant establishes good cause

---

[14]See Docket Control Order, Docket Entry No. 9, filed on April
6, 2021.

to extend the scheduling order, courts analyze the motion to amend under Rule 15(a), which provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  <u>See</u> <u>S&W Enterprises,</u> 315 F.3d at 536.  <u>See also Victory Lane</u> <u>Motorsports, LLC v. Wide-Open Sports Marketing, Inc.,</u> Civil Action No. H-20-2006, 2020 WL 7484769, *2 (S.D. Tex. December 18, 2020) (observing that "[w]hen a party seeks to join additional parties, courts consider the relevant joinder rules," and applying the Rule 16 "good cause" standard to a motion seeking to add third-party defendants after deadlines set in the applicable scheduling order had expired).

"Rulings on the joinder of parties are reviewed for abuse of discretion." <u>Acevedo v. Allsup's Convenience Stores, Inc.,</u> 600 F.3d 516, 520 (5th Cir. 2010) (per curiam). <u>See Williams v. Hoyt,</u> 556 F.2d 1336, 1341 (5th Cir. 1977), <u>cert. denied,</u> 98 S. Ct. 1530 (1978) ("The district court has broad discretion in determining the propriety of joining . . . a particular party as a defendant.").

**B.    Application of Law to the Parties' Arguments**

1.    <u>Ware Has No Reasonable Explanation for Delay</u>

Ware moves to amend her pleadings to reinstate AutoZone, Inc. as a party defendant because AutoZoners' Regional Manager, Laura Berry, testified at her October 13, 2021, deposition that "we terminated her on February 1st," and when asked what she meant by "we terminated her," she responded "Autozone, Incorporated

terminated her employment February 1st."[15] Citing statements made
in AutoZoners' Motion for Summary Judgment describing AutoZone as
"the largest retailer of aftermarket automotive parts and
accessories in the United States," with "6,602 retail locations
spread throughout the fifty states, Washington, D.C., Puerto Rico,
and the Virgin Islands," and asserting that the employee handbook
proffered as summary judgment evidence belongs to AutoZone, Inc.,[16]
Ware argues that "[b]ased on the evidence admitted to by
Autozoners, LLC, the Court in fairness should add Autozone, Inc.
back in as a party after it was dismissed without prejudice based
on representations by Defendants' counsel with no room for follow-
up at the Rule 30(b)(6) deposition."[17]

Asserting that Ware's motion is dilatory and based on a
distortion of the facts,[18] AutoZoners argues that "[i]f Plaintiff
had raised this issue in a timely manner, the issue could have been
resolved before the close of discovery and the dispositive motion
deadline. Plaintiff's untimeliness demonstrates a lack of good
cause."[19]

---

[15]See Plaintiff's Motion to Add Party, Docket Entry No. 31,
p. 2 ¶ 7(quoting Deposition Testimony, p. 41:18-23, Exhibit 1,
Docket Entry No. 24-1, p. 43).

[16]Id. at 3 ¶ 9 (quoting Defendant AutoZoners, LLC's Motion for
Summary Judgment, Docket Entry No. 14, p. 10).

[17]Id. ¶ 10.

[18]AutoZoner's Opposition to Plaintiff's Motion to Add Party,
Docket Entry No. 43, p. 6.

[19]Id. at 7.

-9-

Ware has neither argued nor cited any evidence from which the court could conclude that when the joint motion to dismiss AutoZone, Inc. was filed in July of 2021 she did not know that AutoZone, Inc. characterizes itself as the largest retailer of aftermarket automotive parts and accessories in the United States with over 6,000 retail locations, or that the employee handbook she received belonged AutoZone, Inc. Nor has Ware cited any reason for why, after deposing Berry on October 13, 2021, she waited until December 31, 2021, to file the pending motion, approximately a month and a half after the date discovery closed and AutoZoners filed its motion for summary judgment on November 19, 2021, and over a month after she filed her own motion for partial summary judgment on November 21, 2021. Because Ware has not offered any explanation for waiting to seek leave to add AutoZone, Inc. until after discovery had closed and motions for summary judgment had been filed, this factor weighs in favor of denying her motion.

### 2. Ware Has Failed to Show that Joinder Is Important

Asserting that the addition of AutoZone, Inc. has no significance, AutoZoners argues that Ware's claims against it are still active and, if successful, will provide her a full and complete recovery.[20] Ware has neither argued nor cited any evidence from which the court could conclude that the proposed addition of

---

[20]Id.

AutoZone, Inc. as a defendant is important, or that she will be unjustly prejudiced if her motion is denied. Ware only seeks leave to add AutoZone, Inc., a defendant that she named in her Original Complaint but moved to dismiss in July of 2021, before she had noticed a Rule 30(b)(6) deposition. Ware does not allege new conduct, new causes of action, or new theories of recovery. Nor does Ware argue that the absence of AutonZone, Inc. from this action would prevent her from obtaining all the relief she seeks. Accordingly, the importance factor weighs in favor of denying Ware's motion.

3. <u>Prejudice to AutoZoners Cannot Be Cured by a Continuance</u>

Asserting that "[t]he question of whether a parent and subsidiary are a single employer under Title VII is a distinct legal inquiry,"[21] AutoZoners argues that the addition of AutoZone, Inc. would severely prejudice it because after AutoZone, Inc. was dismissed, the parties did not conduct discovery on the issue and AutoZoners, LLC did not move for summary judgment on the single employer issue because it was unnecessary.[22] AutoZoners argues that "[i]f Plaintiff were granted leave to add AutoZone, Inc., additional discovery would be needed on the single employer issue

---

[21] <u>Id.</u>

[22] <u>Id.</u> at 8.

and the defendants would need to file a supplemental motion for summary judgment to dismiss the claims against AutoZone, Inc."[23]

Ware responds by asserting that AutoZoners' allegation of prejudice is without merit, and by asking:

> First, what could Autozone possibly seek to gain from the Plaintiff through additional discovery? Would Autozone depose the Plaintiff again to ask her why Autozone, Inc. fired her?
>
> Second, why would Autozone file another dilatory motion for summary judgment when there are already so many disputes of material fact that can be spotted from a mile away?[24]

Missing from Ware's reply is any statement regarding her own need for additional discovery should the court grant her motion to add AutoZone, Inc. as a defendant, or Autozone, Inc.'s need to file a dispositive motion.

This action has been pending for over a year. The deadlines for filing amended pleadings and adding new parties was June 4, 2021, the deadline for the completion of discovery was November 19, 2021, and the deadline for filing dispositive motions was 30 days after the mediator or the magistrate judge declared an impasse. AutoZoners filed a motion for summary judgment on November 19, 2021, and Ware filed a motion for partial summary judgment on November 21, 2021. Allowing the proposed addition of AutoZone, Inc. would not only require the court to abandon established

---

[23]Id.

[24]Plaintiff's Reply, Docket Entry No. 44, p. 3.

deadlines in this case, but would also prejudice AutoZoners and needlessly consume scarce judicial resources by requiring not just new pleadings, but also a new scheduling order, new discovery, and a new round of motions for summary judgment, all of which will delay the resolution of the case.   The court thus concludes that the prejudice to defendant AutoZoners in allowing the addition of AutoZone, Inc., and the amendments to the scheduling order that it would require, cannot be cured by a continuance.   Accordingly, the third and fourth factors regarding prejudice and whether any prejudice could be cured by a continuance weigh in favor of denying Ware's motion.   See Hicks-Fields v. Harris County, Texas, 860 F.3d 803, 807 and 812 (5th Cir.), cert. denied, 138 S. Ct. 510 (2017)(affirming district court's denial of plaintiff's motion for leave to amend because discovery had concluded and the dispositive motion deadline had passed).

### 4.   Conclusions

For the reasons stated above, the court concludes that Ware has failed to establish good cause as required by Rule 16(b)(4) to amend her pleadings to add Autozone, Inc. as a defendant after the deadlines for adding parties and amending pleadings set in the court's scheduling order expired.   See Fed. R. Civ. P. 16(b)(4).

-13-

### III. **Conclusions and Order**

For the reasons explained in § II, above, Plaintiff's Rule 21 Motion to Add Party Autozone, Inc., Docket Entry No. 31, is **DENIED**.

**SIGNED** at Houston, Texas, on this 4th day of May, 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-14-