United States District Court
Southern District of Texas

**ENTERED**

July 20, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ECHO WARE,                        §
                                  §
            Plaintiff,            §
                                  §
v.                                §    CIVIL ACTION NO. H-21-0067
                                  §
AUTOZONERS, LLC,                  §
                                  §
            Defendant.            §

## MEMORANDUM OPINION AND ORDER

Plaintiff, Echo Ware ("Plaintiff"), brought an action against her former employer AutoZoners, LLC ("Defendant") for sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and for retaliation in violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).[1]  On June 17, 2022, the court granted Defendant AutoZoners, LLC's Motion for Summary Judgment ("Defendant's MSJ") (Docket Entry No. 14) and dismissed this action with prejudice.[2] Pending before the court is Plaintiff's Motion to Alter or Amend

---

[1]Plaintiff's Original Complaint, Docket Entry No. 1, pp. 1, 4. Plaintiff's Original Complaint also asserted claims against AutoZone, Inc.  Id. at 1.  The parties moved jointly to dismiss AutoZone, Inc. without prejudice on July 26, 2021 (Joint Motion to Dismiss, Docket Entry No. 10), and the court granted the motion that same day (Order, Docket Entry No. 11).  Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]Memorandum Opinion and Order ("MO&O") (Docket Entry No. 46); Final Judgment (Docket Entry No. 47).

Final Judgment ("Plaintiff's Motion") (Docket Entry No. 49).  For reasons explained below, Plaintiff's Motion will be denied.

## I.  <u>Standard of Review</u>

Federal Rule of Civil Procedure 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  <u>Templet v. HydroChem Inc.,</u> 367 F.3d 473, 479 (5th Cir.), <u>cert. denied sub nom. Irvin v. Hydrochem Inc.,</u> 125 S. Ct. 411 (2004) (internal quotations and citation omitted).  A manifest error of law is an error "that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"  <u>Guy v. Crown Equipment Corp.,</u> 394 F.3d 320, 325 (5th Cir. 2004) (quoting <u>Venegas-Hernandez v. Sonolux Records,</u> 370 F.3d 183, 195 (1st Cir. 2004)).  A manifest error of fact "is an obvious mistake or departure from the truth."  <u>Bank One, Texas, N.A. v. Federal Deposit Insurance Corp.,</u> 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998).

Rule 59(e) "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision."  <u>Banister v. Davis,</u> 140 S. Ct. 1698, 1703 (2020) (quoting <u>White v. New Hampshire Department of Employment Security,</u> 102 S. Ct. 1162, 1166 (1982)).  To prevail on a Rule 59(e) motion, the movant must show either: (1) a manifest error of law or fact; (2) an intervening change in controlling law; or (3) the availability of new evidence not previously available.  <u>See Schiller v. Physicians Resource Group Inc.,</u> 342 F.3d 563, 567 (5th Cir. 2003).  "A

Rule 59(e) motion 'calls into question the correctness of a judgment'" and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet, 367 F.3d at 478-79 (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). The Fifth Circuit has recognized that Rule 59(e) motions require the district court to strike a proper balance between the competing interests of "(1) the need to bring litigation to an end; and (2) the need to render just decisions on the basis of all the facts." Templet, 367 F.3d at 479. Relief under Rule 59(e) is an "extraordinary remedy that should be used sparingly." Id.

## II. Analysis

**A.  Correcting the court's fact error does not change its judgment.**

Plaintiff's Motion argues that reconsideration is warranted because the court incorrectly stated that the recommendation to terminate Plaintiff came from Mr. Warren after his investigation.[3] Plaintiff is correct that the statement is incorrect, since, as the court stated earlier in its MO&O, the recommendation to terminate Plaintiff came from Mr. Martin, not Mr. Warren.[4]

---

[3]Plaintiff's Motion, Docket Entry No. 49, p. 2.

[4]See MO&O, Docket Entry No. 46, pp. 8-9 ("After reviewing the loss investigation file, Mr. Martin recommended that Plaintiff be terminated for (1) failing to comply with AutoZone policy and (2) unauthorized possession or removal of AutoZone property.") (emphasis added).

However, the court's error does not warrant reconsideration because it does not "call[] into question the correctness of a judgment." See Templet, 367 F.3d at 478. It does not implicate the court's judicial imperative to "render just decisions on the basis of all the facts." See id. at 479. Correcting the error does not change the court's holding: Plaintiff failed to raise a genuine fact issue as to whether the legitimate reason for her firing was a pretext for some impermissible animus.

## B.   There was no manifest error of law.

Plaintiff also argues that the court committed a manifest error of law in finding that Plaintiff failed to raise a genuine issue of fact to support her argument that AutoZoner's stated reason for terminating her was a pretext for retaliation.[5] Plaintiff argues that the court ignored a document purportedly showing that her removal of the battery did not cause AutoZoner a monetary loss.[6] Plaintiff argues that this document is evidence that AutoZoner's stated reason for terminating her was a pretext.[7] Plaintiff made the same argument at the summary judgment stage,[8] and the court rejected it, holding that "the unauthorized removal

[5]Plaintiff's Motion, Docket Entry No. 49, p. 3.

[6]Id. at 4.

[7]Id. at 2-3.

[8]See Plaintiff's Response in Opposition to Defendant AutoZoners, LLC's Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 24, p. 24.

-4-

of store property is a terminable offense, whether or not it caused a monetary loss."[9]   Plaintiff's Corrective Action Review Form stated that she was terminated for "Failure to comply with AutoZone policy" and "Unauthorized possession or removal of AutoZone's or an AutoZoner's property[,]"[10] not for causing a monetary loss.  Because "monetary loss" was not the proffered reason for Plaintiff's termination, it cannot be a pretext for retaliatory animus, and evidence regarding the existence or non-existence of a monetary loss cannot create a genuine fact issue as to pretext.  Plaintiff merely rehashes an argument that the court considered and rejected at the summary judgment stage.   Rule 59(e) is not the proper vehicle for this type of argument.   See Templet, 367 F.3d at 478-79.

C.   **The court will not impose sanctions.**

Defendant requests that the court impose sanctions on Plaintiff's counsel pursuant to 28 U.S.C. § 1927.[11]  That statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreason-ably and vexatiously may be required by the court to

---

[9]MO&O, Docket Entry No. 46, p. 38.

[10]Corrective Action Review Form, Exhibit 4 to Defendant's MSJ, Docket Entry No. 14-5, p. 115.

[11]AutoZoners, LLC's Opposition to Plaintiff's Motion to Alter or Amend Final Judgment ("Defendant's Opposition"), Docket Entry No. 50, p. 5.

satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

To find that an attorney multiplied proceedings "unreasonably" and "vexatiously" the court must find "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." Edwards v. General Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998). Courts apply § 1927 "sparingly" because "sanctions under § 1927 are 'punitive in nature and require clear and convincing evidence' that sanctions are justified." Lawyers Title Insurance Corp. v. Doubletree Partners, L.P., 739 F.3d 848, 872 (5th Cir. 2014) (quoting Bryant v. Military Department of Mississippi, 597 F.3d 678, 694 (5th Cir. 2010)). Section 1927 prohibits "the persistent prosecution of a meritless claim." Thomas v. Capital Security Services, Inc., 836 F.2d 866, 875 (5th Cir. 1988). In determining whether maintenance of claims was unreasonable, it is not enough that Plaintiff's claims failed. Defendant must show that Plaintiff's counsel persisted in asserting claims after it became clear that the claims lacked merit. See Federal Deposit Insurance Corp. v. Calhoun, 34 F.3d 1291, 1298-1300 (5th Cir. 1994).

Although the court has concluded that Plaintiff's claims are meritless, the court is not persuaded that Plaintiff's counsel exhibited bad faith or a reckless disregard for the duty owed to the court. See Edwards, 153 F.3d at 246. Plaintiff's counsel correctly pointed out that the court misnamed Mr. Martin.

-6-

Moreover, Plaintiff's counsel may have reasonably believed that "monetary loss" was at least one of the proffered reasons for Plaintiff's termination, given that the individual who ultimately terminated Plaintiff mentioned "monetary loss" during her deposition – albeit only when prompted to do so by Plaintiff's counsel.[12]   Although it is a close question, the court concludes that it lacks the "clear and convincing evidence" it would need to impose sanctions.   Lawyers Title Insurance Corp., 739 F.3d at 872.

### III.  **Conclusions and Order**

For the reasons stated above, the court concludes that Plaintiff has failed to demonstrate that the "extraordinary remedy" of Rule 59(e) relief is warranted.

Accordingly, Plaintiff's Motion to Alter or Amend Final Judgment (Docket Entry No. 49) is **DENIED**.  Defendant's requests for sanctions against Plaintiff's counsel and for Defendant's fees incurred in responding to Plaintiff's Motion are **DENIED**.  (See Defendant's Opposition, Docket Entry No. 50, pp. 5-6.)

**SIGNED** at Houston, Texas, on this 20th day of July, 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[12]Deposition of Laura Berry, Exhibit 1 to Plaintiff's Response, Docket Entry No. 24-1, p. 49 line 18 through p. 50 line 2.