# United States Court of Appeals for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
April 05, 2023
Nathan Ochsner, Clerk of Court

United States Court of Appeals
Fifth Circuit
**FILED**
March 14, 2023
Lyle W. Cayce
Clerk

No. 22-20422

ECHO WARE,

              *Plaintiff—Appellant*,

versus

AUTOZONERS, L.L.C.,

              *Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-67

Before JONES, WILLETT, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

 Appellee AutoZoners, L.L.C. ("AutoZone") fired Appellant Echo Ware purportedly for violating company policy—namely, borrowing a battery without permission in order to start her car. Two weeks earlier, Ware had complained to management about her delinquent paycheck. Ware sued AutoZone, alleging sex discrimination under Title VII, 42 U.S.C. § 2000e *et*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

*seq.*, and retaliation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA"). The district court entered summary judgment in favor of AutoZone. Ware now appeals. Having reviewed *de novo* the briefs, the pertinent portions of the record, and the thorough and well-reasoned opinion of the district court, we AFFIRM.

Assuming, *arguendo*, that Ware established a prima facie case of discrimination and retaliation, she has failed to meet her burden under the *McDonnell Douglas* framework to show that AutoZone's stated reason for terminating her employment was pretextual. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S. Ct. 1817, 1825 (1973).[1] It is undisputed that Ware, while working at an AutoZone location in Houston, took a battery from the store and used it without the permission of her supervisor, which violated company policy. AutoZone cited this violation as the reason for firing her.

A violation of company policy is typically a legitimate, nondiscriminatory reason for firing the offending employee. *See Kitchen v. BASF*, 952 F.3d 247, 253 (5th Cir. 2020). For her Title VII claim, Ware raises three arguments to show that AutoZone's explanation was pretextual: *first*, that it was false; *second*, that it is unworthy of credence; and *third*, that a similarly situated employee stole company property but went uninvestigated and unpunished.

---

[1] Ware also points to a comment made by her supervisor that "she did not want other females working in her store" as direct evidence of discrimination. A workplace comment is evidence of discrimination if, *inter alia*, it is made by "an individual with authority over the employment decision at issue." *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 380 (5th Cir. 2010). Here, the supervisor did not make the decisions to investigate and then fire Ware. And there is no evidence that the supervisor influenced the decisionmaker. Thus, her comment is not direct evidence of discrimination on the part of AutoZone. And, for the same reasons, the supervisor's comment is not evidence of pretext under the *McDonnel Douglas* framework.

2

No. 22-20422

First, Ware argues that AutoZone fired her because her use of a new battery caused the store a "monetary loss." She then points to a business form for the proposition that AutoZone recovered the full value of the battery, so it could not have suffered a loss. Thus, according to Ware, AutoZone's stated reason was false. "[E]vidence challenging the substance of violations, *i.e.*, evidence demonstrating their falsity," may show pretext. *Laxton v. Gap Inc.*, 333 F.3d 572, 580 (5th Cir. 2003). We agree with the district court that whether AutoZone suffered a "monetary loss" is irrelevant. Ware's "Corrective Action Review Form" clearly states that she was terminated for "Failure to comply with AutoZone Policy"—specifically, "Unauthorized possession or removal of AutoZone's or an AutoZoner's property." A "monetary loss" may have been a concern, but it was not the stated reason for Ware's termination. And even if AutoZone fired Ware because it thought it incurred a monetary loss, when it had not, Ware would still need to show that the "erroneous decision" was "reached in bad faith." *Thomas v. Johnson*, 788 F.3d 177, 179 (5th Cir. 2015). She has not, thus, her proffered evidence does not create a genuine fact issue as to pretext.

Next, Ware contends that AutoZone should not be believed because three of its witnesses committed perjury. Specifically, Ware alleges that a human resources representative "intentionally lied" about the reason undergirding his recommendation to fire Ware; that the district manager "lied about having knowledge of Ware's protected activity"; and that the store supervisor lied about reporting Ware's policy violation. Ware's allegations of perjury, made for the first time on appeal, have no basis in the record. If anything, Ware has noted some inconsistencies in AutoZone's witnesses' testimony. And the severity of inconsistent testimony present in this case is far from that in past cases sufficient to overcome summary judgment. *Cf. Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 235–36 (5th Cir. 2015); *Gee v. Principi*, 289 F.3d 342, 347–48 (5th Cir. 2002).

No. 22-20422

Finally, Ware asserts that AutoZone's disparate treatment of a similarly situated male employee is evidence of pretext. Specifically, Ware states that the district manager, when presented with two separate reports of potential theft—one by a female employee (Ware) and another by a male employee—ordered that Ware be investigated but not the male employee. To show disparate treatment, Ware must demonstrate that "the misconduct for which she was discharged was nearly identical to that engaged in by an employee not within her protected class whom the company retained." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001) (alterations adopted and internal quotation marks omitted).

Here, Ware has not created a genuine issue of material fact regarding pretext because the allegations of misconduct were not "nearly identical." With respect to the male employee, the district manager was aware only of the store supervisor's "suspicions" that the employee was stealing company property; but no specific property was identified.[2] In contrast, the supervisor informed the district manager that Ware had, without permission, taken a new battery out of the store for personal use. In other words, the district manager had a much clearer picture of Ware's alleged misconduct than that of the male employee. In this instance, investigating one but not the other does not raise a genuine, triable issue of fact as to pretext.

For her FLSA claim, Ware argues that the suspicious timing of her supervisor reporting her policy violation the same day Ware contacted AutoZone's payroll department about her delinquent check creates an inference of pretext. Temporal proximity "does not, on its own, establish . . . pretext." *Garcia v. Pro. Cont. Servs., Inc.*, 938 F.3d 236, 243 (5th Cir. 2019).

---

[2] Ware testified that, at some point, she told her supervisor that the male employee had stolen a couple of car parts, but she could not identify what specifically he had stolen.

4

Such evidence must be combined "with other significant evidence of pretext ... to survive summary judgment." *Id.* at 244 (quoting *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 409 (5th Cir. 1999)). Here, Ware has mustered no other significant evidence, thus, summary judgment was properly entered in AutoZone's favor.

We hold that the district court was correct in finding that Ware failed to create a genuine factual dispute that AutoZone fired her by reason of her sex or in retaliation for complaining about her delinquent check.

AFFIRMED.

# *United States Court of Appeals*

FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

April 05, 2023

Mr. Nathan Ochsner
Southern District of Texas, Houston
United States District Court
515 Rusk Street
Room 5300
Houston, TX 77002

    No. 22-20422    Ware v. AutoZoners
                         USDC No. 4:21-CV-67

Dear Mr. Ochsner,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                Sincerely,

                LYLE W. CAYCE, Clerk

                *Christina Rachal*

                By: _____
                Christina C. Rachal, Deputy Clerk
                504-310-7651

cc:
    Mr. Jason Arthur Culotta
    Ms. Tracy E. Kern
    Mr. Connor Throckmorton